**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| MITCHELL HUSTON, | ) |
|  | ) |
| Plaintiff, | ) |
|  | )  Case No. 4:17-cv-02149 |
| vs. | ) |
|  | ) |
| GMA INVESTMENTS, LLC D/B/A | ) |
| SUMMIT RECEIVABLES | ) |
|  | ) |
| Serve at: | )  **JURY TRIAL DEMANDED** |
|   Registered Agent | ) |
|   221 Bolivar Street | ) |
|   Jefferson City, MO 65101 | ) |
|  | ) |
|  | ) |
| Defendant. | ) |

## **COMPLAINT**

Plaintiff Mitchell Huston ("Plaintiff"), through counsel, brings this Complaint against Defendant GMA Investments, LLC d/b/a Summit Receivables a to secure redress against Defendants for unlawful collection practices that violated the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), and alleges:

## **JURISDICTION AND VENUE**

1. This Court has original jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) Defendant's acts and transactions aimed at Plaintiff occurred here; and b) Defendant transacts business in this District.

## **PARTIES**

3. Plaintiff, Mitchell Huston, is a natural person residing within Saint Louis, Missouri from whom Defendant attempted to collect an alleged debt.  He is a "consumer" or a "person" affected by a violation of the FDCPA, as those terms are defined by 15 U.S.C. §§ 1692a(3), 1692d, and 1692k.

4. Defendant GMA Investments, LLC d/b/a Summit Receivables is a Nevada corporation with offices at 1291 Galleria Dr., #170, Henderson, NV 89014 and 153 W Lake Mead Parkway, Suite 2105, Henderson, NV 89015.  It does business as a debt collector in Missouri, among other places.  Defendant is registered with the Missouri Secretary of State and does business in Missouri under the name "Summit Receivables."

5. The debt Plaintiff allegedly owes arises out of consumer, family, and household transactions.  Specifically, the alleged debt originated out of a purchase from QC Holdings.

6. Defendant acts as a debt collector, as defined by § 1692a(6) of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts.

7. The principal business purpose of Defendant is the collect of debts in Missouri and elsewhere in the United States, and Defendant regularly attempts to collect debt alleged to be due another.

**FACTUAL ALLEGATIONS**

8. On or about March 15, 2017, Defendant sent Plaintiff the letter attached as **Exhibit A**.

9. On information and belief, Defendant's March 15, 2017 letter was delivered to Plaintiff via mail a matter of days after March 15, 2017

10. Defendant's letter stated that Defendant was attempting to collect a debt to "Worldwide Debt (PRIMARY)" of $1,193.11.

11. Plaintiff, as a wage earner, and with a number of financial obligations, could not afford to pay the alleged debt, even if it was valid.

12. Defendant's March 15, 2017 letter invited Plaintiff to call Defendant to discuss the alleged debt.

13. In its March 15, 2017 letter Defendant stated, as required by 15 U.S.C. § 1692g, that Plaintiff had thirty (30) days from the day he received the letter to dispute the debt and obtain validation and verification thereof.

14. Shortly after receiving Defendant's March 15, 2017 letter, Plaintiff called Defendant to gather information about the debt and Defendant's collection activity.

15. Plaintiff's call occurred within Plaintiff's statutory dispute period pursuant to Sec. 1692g of the FDCPA, as noted in Defendant's March 15th letter.

16. During the call, Defendant falsely represented over the phone that "settling the account in full" would improve Plaintiff's credit score by 6 points and that "paying the account in full" would improve Plaintiff's credit score by 10 points.

17. In truth, Defendant has no knowledge—given the complexity of how various entities calculate credit scores—of how much any payment by Plaintiff could have positively changed Plaintiff's credit score, if at all.

18. Defendant's payment demand overshadowed Plaintiff's dispute, validation, and verification rights pursuant to Section 1692g of the FDCPA.

19. Through its conduct, Defendant caused Plaintiff to believe that he could not exercise those rights or that such an exercise would not be honored and that he had to pay the

debt within his Section 1692g "validation period" for, among other things, disputing the debt or a portion thereof.

20. Through its conduct, Defendant falsely anddeceptively represented to Plaintiff that "settling the account in full" would improve Plaintiff's credit score by 6 points and that "paying the account in full" would improve Plaintiff's credit score by 10 points, when, among other things, Defendant had no knowledge of whether such improvements would occur—or not.

21. Defendant's misrepresentations in its phone call with Plaintiff were material for purposes of 15 U.S.C. § 1692e. *But see Janetos v. Fulton Friedman & Gullace*, 825 F.3d 317, 324 (7th Cir. 2016) (holding that evidence of confusion or materiality unnecessary to prove violations of Section 1692g).

22. Defendant's misrepresentations were material in that in that they were objectively the type of deceptive statements that would influence an unsophisticated consumer's decision-making

23. Plaintiff never entered into any agreement consenting to arbitrate disputes between himself and Defendant or waiving his right to a trial by jury.

24. All of Defendant's actions complained of herein occurred within one year of the date of this Complaint.

25. Defendant's conduct has caused Plaintiff to suffer damages, including but not limited, to the loss of time incurred by Plaintiff as well as attorneys' fees paid for advice regarding his situation.

26. Congress has found that "[a]busive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a).

27. Specifically, 15 U.S.C. §1692g(a) states:

Validation of debts. (a) Notice of debt; contents. Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing-

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C § 1692g(a).

28. Further, 15 U.S.C. § 1692e states:

False or misleading representations. A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

. . .

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C §§ 1692e & (10).

29. Specifically, Section 1692g dictates that "[a]ny collection activities and communication during the 30-day period [i.e., the "validation period"] may not overshadow or be

inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor." 15 U.S.C. § 1692g(b). During 2006, Congress amended 15 U.S.C. § 1692g to expressly prohibit overshadowing "collection activities," such as statements by debt collectors to consumer via telephone during the validation period.

30. The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 U.S. App. LEXIS 12414 *7-11 (11th Cir. July 6, 2016) (same); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

31. Here, Plaintiff suffered an injury-in-fact in at least one of the manners contemplated by Congress when it passed the FDCPA because of Defendant's misrepresentations.

32. Plaintiff's injury-in-fact is fairly traceable to the challenged conduct of Defendant.

33. Plaintiff's injury-in-fact is likely to be redressed by a favorable decision against Defendant in this Court.

34. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See, e.g., Duffy v. Landberg*, 215 F.3d 871, 874 (8th Cir. 2000) (citing *Gammon v. GC Services, Ltd. Partnership,* 27 F.3d 1254, 1257 (7th Cir. 1994)).

## COUNT I: VIOLATION OF THE FDCPA

35. Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

36. In its attempts to collect the alleged debt from Plaintiff, Defendant violated the FDCPA, 15 U.S.C. § 1692 *et. seq*, including but not limited to the following:

   a. Using materially false, deceptive, and misleading representations in connection with the collection of the debt at issue when Defendant deceptively represented to Plaintiff that "settling the account in full" would improve Plaintiff's credit score by 6 points and that "paying the account in full" would improve Plaintiff's credit score by 10 points, when, among other things, Defendant had no knowledge of whether such improvements would occur—or not, 15 U.S.C. §§ 1692e, (2)(A) & (10); and

   b. Overshadowing Plaintiff dispute, validation, and verification rights provided to Plaintiff by 15 U.S.C. § 1692g when Defendant sought to create false urgency by making the deceptive misrepresentations described above.

37. Each of Defendant's violations of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees. *See* 15 U.S.C. § 1692k.

**WHEREFORE**, Plaintiff respectfully requests a judgment be entered by this Court in favor of Plaintiff, and against Defendant, finding that Defendant violated the FDCPA and awarding Plaintiff relief, including:

   a. statutory damages of $1,000;

    b. actual damages;

    c. prejudgment and/or post-judgment interest as permitted by law;

    d. costs and reasonable attorneys' fees; and

    e. Such other or further relief in Plaintiff's favor as the Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all Counts so triable.

DATED:  July 26, 2017                                  Respectfully Submitted,

                                                       **STURYCZ LAW GROUP**

                         By:     /s/ Nathan D. Sturycz
                                 Nathan D. Sturycz, #61744MO
                                 100 N. Main, Suite 11
                                 Edwardsville, IL  62025
                                 Phone: 877-314-3223
                                 Fax: 314-667-2733
                                 nathan@sturyczlaw.com
                                 *Attorney for Plaintiff*